UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
KENNETH MICHAEL FERRANTI,                                 **1:20-CV-02476 (KPF)**

                                           Plaintiff,

                -against-



ARSHACK, HAJEK & LEHRMAN PLLC
and DANIEL ARSHACK, ESQ.,

                                           Defendants.
-------------------------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ARSHACK HAJEK & LEHRMAN PLLC AND DANIEL ARSHACK, ESQ.'S RULE 12(B) MOTION TO DISMISS PLAINTIFF'S COMPLAINT




FURMAN KORNFELD & BRENNAN LLP


By: __/s/ Aaron M. Barham_____
        Aaron M. Barham, Esq. (Bar # AB0330)
        A. Michael Furman, Esq.
*Attorneys for Defendants*
*ARSHACK, HAJEK & LEHRMAN PLLC and*
*DANIEL ARSHACK, ESQ.*
61 Broadway, 26th Floor
New York, New York 10006
(212) 867-4100
FKB File No.: 313.273

## <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION ...................................................................................................... 1

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ......................................................................................... 3

PROCEDURAL HISTORY........................................................................................ 5

LEGAL ARGUMENT ............................................................................................... 7

POINT I:     FERRANTI'S INABILITY TO ASSERT A "COLORABLE CLAIM
             OF INNOCENCE" PRECLUDES HIM FROM PURSUING A
             CLAIM AGAINST ATTORNEY ARSHACK ...................................... 7

POINT II:    FERRANTI'S BREACH OF FIDUCIARY DUTY CAUSE OF
             ACTION IS DUPLICATIVE OF THE LEGAL MALPRACTICE
             CLAIM................................................................................................... 9

POINT III:   FERRANTI CANNOT PLEAD OR PROVE THAT THE ALLEGED
             NEGLIGENCE PROXIMATELY CAUSED THE SURRENDER OF
             HIS MEDICAL LICENSE .................................................................. 10

POINT IV:    SUCCESSOR COUNSEL HAD SUFFICIENT OPPORTUNITIES
             TO PROTECT FERRANTI'S RIGHTS BUT FAILED TO DO SO ................... 14

CONCLUSION ........................................................................................................ 15

# <u>TABLE OF AUTHORITIES</u>

Page

*Antonelli v. Guastamacchia*,
131 A.D.3d 1078 (2d Dept. 2015) ........................................................................2, 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................6

*Biegen v. Rooney*,
269 A.D.2d 264 (1st Dept. 2000)...........................................................................7

*Britt v. Legal Aid Socy.*,
95 N.Y.2d 443 (2000) ................................................................................ *passim*

*Brown-Jodoin v. Pirrotti*,
138 A.D.3d 661 (2d Dept. 2016) .....................................................................11, 13

*Buczek v. Dell & Little, LLP*,
127 A.D.3d 1121 (2d Dept. 2015) .........................................................................14

*Carmel v. Lunney*,
70 N.Y.2d 169 (1987) ................................................................................ *passim*

*Casement v. O'Neill*,
28 A.D.3d 508 (2d Dept. 2006) ..........................................................................2, 8

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)...................................................................................6

*Cortec Industries, Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992)................................6

*Cosmetics Plus Group, Ltd. v. Traub*,
105 A.D.3d 134 (1st Dept. 2013).........................................................................2, 9

*Davis v. Cohen & Gresser,* LLP,
160 A.D.3d 484 (1st Dept. 2018)................................................................. *passim*

*Dawson v. Schoenberg*,
129 A.D.3d 655 (2d Dept. 2015) ...........................................................................7

*DeJesus v. Sears Roebuck & Co.*,
87 F.3d 65 (2d Cir. 1996).................................................................................6

*Ferguson v. Hauser*,
156 A.D.3d 425 (1st Dept. 2017)................................................. *passim*

*Financial Servs. Veh. Trust v. Saad*,
137 A.D.3d 849 (2d Dept. 2016) ................................................ *passim*

*Grace v. Law*,
24 N.Y.3d 20 (2014) .................................................................................14

*In re HSBC Bank U.S.A.*,
70 A.D.3d 1324 (4th Dept. 2010) ...........................................................10

*In the Matter of Ernest Lee Simms, M.D.*
Co-11-02-0689-A, No. BPMC 12-47, 2012 WL 1187590 (Mar. 23, 2012)...........................13

*In the Matter of Marc J. Bernstein, M.D.*,
No. BPMC 02-361, 2002 WL 33840759 (Dec. 3, 2002).........................................13

*In the Matter of Ricardo Alberto Cruciani, M.D.*,
No. BPMC 18-045, 2018 WL 1158027 (Mar. 1, 2018).......................................3, 12

*In the Matter of Robert Hadden, M.D.*,
No. BPMC 16-062, 2016 WL 1076935 (Feb. 26, 2016) ........................................12

*In the Matter of Surendra Johri, M.D.*,
No. BPMC 19-064, 2019 WL 14361522 (Mar. 27, 2019)........................................12

*In the Matter of Zahid Nazir, M.D.*,
Co-11-10-5680-A, No. BPMC 12-231, 2012 WL 13195737 (Nov. 7, 2012).....................3, 12

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel.*
Co., 62 F.3d 69 (2d Cir. 1995)................................................................6

*Katz v. Herzfeld & Rubin, P.C.*,
48 A.D.3d 640, 853 N.Y.S.2d 104 (2d Dept. 2008) .........................................14

*Klein v. Talkin, Muccigrosso & Roberts, L.L.P.*,
415 F. App'x 288 (2d Cir. 2011).............................................................7

*Knox v. Aronson, Mayefsky & Sloan, LLP*,
168 A.D.3d 70 (1st Dept. 2018)................................................. *passim*

*Lafler v. Cooper*,
566 U.S. 156 (2012)..............................................................................................3, 14

*Maksimiak v. Schwartzapfel Novick Truhosky Marcus, P.C.*,
82 A.D.2d 652 (1st Dept. 2011)..........................................................................14

*Miazga v. Assaf*,
136 A.D.3d 1131 (3d Dept. 2016) ........................................................................10

*Sabalza v. Salgado*,
85 A.D.3d 436 (1st Dept. 2011)............................................................................10

*Somma v. Dansker & Aspromonte Associates*,
44 A.D.3d 376 (1st Dept. 2007)...........................................................................3, 14

*Yong Wong Park v. Wolff & Samson, P.C.*,
56 A.D.3d 351 (1st Dept. 2008)...........................................................................2, 8

## **STATUTES**

Fed. R. Civ. P. 12…………………………………………………………………….*passim*

N.Y. Educ. Law § 6530…………………………………………………………………..11

N.Y. Pub. Health Law § 230……………………………………………………………11, 12

## INTRODUCTION

Defendants ARSHACK, HAJEK & LEHRMAN PLLC and DANIEL ARSHACK, ESQ. (together, "Attorney Arshack") respectfully submit this Memorandum of Law in support of their motion for an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the complaint[1] in its entirety, with prejudice, as it does not, and as a matter of law cannot, state a cause of action upon which relief can be granted.

## PRELIMINARY STATEMENT

This legal malpractice action arises from Attorney Arshack's representation of Plaintiff Kenneth Ferranti ("Plaintiff" or "Ferranti"), a former dermatology physician's assistant. After voluntarily testifying to his innocence before the grand jury which considered the charges against him, Ferranti was indicted for committing separate acts of sexual misconduct against two different male patients. Fifteen months later, while being represented by another attorney, Paul Prestia, Esq., Mr. Ferranti pleaded guilty to Sexual Abuse in the Third Degree and Forcible Touching. During his plea allocution, Ferranti admitted under oath that he subjected both complainants to inappropriate sexual contact without their consent, and for the purpose of gratifying his own sexual desire. Mr. Ferranti also pleaded guilty to Perjury in the First Degree, admitting that he knowingly lied when he testified before the grand jury that he never touched either of the complainants inappropriately. Ferranti judicially admits that he pleaded guilty to a felony and two misdemeanors (Exhibit A (Compl.) ¶ 46) and entered his pleas, in the words of his Complaint, "to avoid a significant prison sentence." *Id*.

Notwithstanding that Ferranti does not claim he is innocent (nor can he, as he has admitted his guilt under oath and in writing), and has never attempted to challenge his plea convictions,

---

[1] Plaintiff alleges federal diversity jurisdiction pursuant to 28 U.S.C. §1332 because he is a Minnesota domiciliary.

Ferranti has commenced this action alleging legal malpractice and breach of fiduciary duty against Attorney Arshack on the hypothetical assertion that he would have accepted a less-stringent prior plea offer had he been advised that it did not require enrollment in the Sex Offender Registration Act (SORA). *See* Exhibit A. As set forth fully below, Plaintiff's specious and untenable complaint should be dismissed with prejudice for the following reasons:

First, Ferranti's legal malpractice action against Attorney Arshack must be dismissed because he cannot assert a colorable claim of innocence to the underlying criminal offenses, as his undisturbed guilty pleas to those offenses remain in effect. In New York, it is settled law that an individual convicted of a criminal offense must assert his "innocence or a colorable claim of innocence" before pursuing a claim against his attorney for legal malpractice arising out of the criminal proceeding. *Britt v. Legal Aid Socy.*, 95 N.Y.2d 443, 446 (2000); *Carmel v. Lunney,* 70 N.Y.2d 169, 173 (1987). A plaintiff's undisturbed guilty plea bars recovery for legal malpractice. *Carmel, supra,* 70 N.Y.2d at 173; *Yong Wong Park v. Wolff & Samson, P.C.,* 56 A.D.3d 351, 352 (1st Dept. 2008); *Casement v. O'Neill*, 28 A.D.3d 508, 509 (2d Dept. 2006).

Second, Ferranti's breach of fiduciary duty cause of action should be dismissed as plainly duplicative of his legal malpractice claim, as the underlying facts are identical and no "separate and distinct" damages are alleged. *See Knox v. Aronson, Mayefsky & Sloan, LLP*, 168 A.D.3d 70, 75 (1st Dept. 2018); *Cosmetics Plus Group, Ltd. v. Traub*, 105 A.D.3d 134, 143 (1st Dept. 2013); *Antonelli v. Guastamacchia*, 131 A.D.3d 1078, 1079 (2d Dept. 2015).

Third, Ferranti cannot establish proximate causation because the New York Office of Professional Medical Conduct (OPMC) would have required the surrender of Ferranti's medical license even if he had accepted the prior plea offer. The OPMC summarily revokes the licenses

2

of practitioners pleading guilty to sexual abuse of patient offenses in order to protect the public. *See, e.g., In the Matter of Zahid Nazir, M.D.,* Co-11-10-5680-A, No. BPMC 12-231, 2012 WL 13195737 (Nov. 7, 2012); *In the Matter of Ricardo Alberto Cruciani, M.D.,* No. BPMC 18-045, 2018 WL 1158027 (Mar. 1, 2018).

Fourth, Ferranti is further unable to establish proximate causation because his successor attorney, Mr. Prestia, had sufficient time and opportunity to move the trial judge to re-instate the prior plea offer pursuant to *Lafler v. Cooper*, 566 U.S. 156 (2012), but failed to do so and likewise failed to pursue any appeal. A legal malpractice plaintiff cannot plead or prove proximate causation when, as here, a successor attorney has sufficient time and opportunity to protect the plaintiff's rights. *See Davis v. Cohen & Gresser,* LLP, 160 A.D.3d 484, 487 (1st Dept. 2018); *Somma v. Dansker & Aspromonte Associates,* 44 A.D.3d 376 (1st Dept. 2007).

Accordingly, it is respectfully submitted that Plaintiff's complaint should be dismissed, with prejudice.

## STATEMENT OF FACTS

On August 2, 2017, Mr. Ferranti was charged with violating one count of New York State Penal Law 130.40(3) (Criminal Sexual Act in the Third Degree) and one count of Penal Law 130.52(1) (Forcible Touching) after committing acts of sexual misconduct against two male patients. *See* Exhibit B. The first complainant testified that on February 1, 2017, Mr. Ferranti inappropriately rubbed the complainant's penis during a medical treatment session without his consent. *See id.* The second complainant testified that on August 2, 2017, Ferranti placed his mouth on the complainant's penis during a treatment session without his consent. *Id.*

On December 18, 2017, Assistant District Attorney Kathryn A. Werner communicated the following plea offer: "a plea to two counts of Sexual Abuse in the Third Degree (Penal Law

3

130.55)[2] with two years of probation and completion of sex offender treatment program or individual counseling." (*See* Exhibit A, pp. 14-15.)  Ferranti alleges that he only rejected this plea offer because he was incorrectly informed that it required Sex Offender Registration Act (SORA) enrollment.  (*Id.,* ¶28.)

On March 12, 2018, Ferranti then testified before the grand jury that the complainants' accounts were false, maintaining that he was simply treating both patients for genital wart removal. The grand jury rejected Ferranti's story and indicted Ferranti on four criminal counts: (1) Criminal Sexual Act in the Third Degree (PL 130.40(1)); two counts of Sexual Abuse in the Third Degree (PL 130.55); and Forcible Touching (PL 130.52(1)).  *See* Exhibit C.

Following his indictment, Mr. Ferranti asked Attorney Arshack to re-visit the possibility of a plea bargain.  Attorney Arshack realized at that time that he had misinformed Mr. Ferranti about the December 2017 offer, and requested the prosecutor to reinstate the prior plea offer.  *See* Exhibit A., pp. 13-14.  On August 3, 2018, ADA Werner issued a new offer of a guilty plea to the second count of the indictment (Sexual Abuse in the Third Degree) and the third count of the indictment (Forcible Touching).  *Id.*, p. 16.  The DA's new offer also required Mr. Ferranti to plead guilty to Perjury in the First Degree (PL 210.15, a class D felony) in light of Ferranti's obviously false grand jury testimony. *Id.*  The DA requested that Mr. Ferranti consult with outside counsel on this proposed plea and that outside counsel be present if he entered the plea.  *Id.*

Ferranti retained a different attorney, Paul Prestia, Esq., to represent him after the August 2018 plea offer was made.  *See* Exhibits D and E.  Mr. Prestia did not move to compel the December 2017 offer to be re-issued on the basis of ineffective assistance of counsel during plea

---

[2] Sexual Abuse in the Third Degree (Penal Law 130.55) is defined as subjecting a person to sexual contact without that person's consent.  It is a class B misdemeanor.

negotiations.  *See id*.  Ferranti decided to accept the second plea offer in lieu of proceeding to trial. *Id.*

On November 8, 2018, Mr. Ferranti pleaded guilty to PL 130.55 (Sexual Abuse in the Third Degree) and PL 130.52 (Forcible Touching) in open court.  *See* Exhibit D.  During his plea allocution, Mr. Ferranti admitted that he was voluntarily pleading guilty because he was in fact guilty of the sexual misconduct offenses.  *Id*.  Ferranti specifically acknowledged under oath that he subjected both complainants to inappropriate sexual contact without their consent, and for the purpose of gratifying his own sexual desire.  *Id,* p. 7.  He further admitted that both acts were committed in the course of his work as a physician's assistant.  *Id.*

Mr. Ferranti also pleaded guilty to perjury and admitted under oath that he was knowingly lying when he testified under oath to the grand jury that he had never touched either one of the complainants inappropriately.  *See* Exhibit E, pp. 7-9.

On January 17, 2019, the OPMC issued an order accepting Mr. Ferranti's application to voluntarily surrender his license.  *See* Exhibit F.   In conjunction with that Surrender Order, Mr. Ferranti signed a statement acknowledging that he had committed "professional misconduct" as defined in the N.Y. Education Law by pleading guilty to Forcible Touching, Sexual Abuse in the Third Degree, and Perjury in the First Degree.  *Id*.

## **PROCEDURAL HISTORY**

On March 20, 2020, Ferranti commenced this action alleging legal malpractice and breach of fiduciary duty against Attorney Arshack and his law firm.  Notably, Ferranti does not allege that he was innocent of the underlying offenses, or that he had ever made any effort to challenge or overturn his guilty plea convictions.  *See* Exhibit A.  Instead, Ferranti merely alleges that he would have accepted the December 2017 offer to plead guilty two counts of Sexual Abuse in the Third

Degree had he been advised that it did not require SORA registration. *See id.*, ¶28. Ferranti claims damages arising from the loss of his employment and the surrender of his physician assistant license, as well as the alleged loss of the ability to adopt and emotional distress. *See id.*, ¶50.

## STANDARD OF REVIEW

A motion pursuant to F.R.C.P. 12(b)(6) seeks dismissal on the grounds that the complaint fails to state a claim upon which relief may be granted. Ordinarily, the complaint must simply "contain a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). Conclusory statements and allegations are insufficient to meet this burden. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must set out facts to show entitlement to relief, which requires more than generic labels, broad conclusions, or formulaic recitations of the elements of a cause of action. *See id.*; *see also DeJesus v. Sears Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996). More specifically, a plaintiff must allege facts to demonstrate "more than a sheer possibility that a defendant acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *citing Twombly*, 550 U.S. at 556.

"In making that determination, a court may look to the pleadings as well as to any documents integral to the complaint upon which the pleadings rely." *See Chambers v. Time Warner, Inc*., 282 F.3d 147, 152–53 (2d Cir. 2002); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). Therefore, a defendant, attacking a complaint for plaintiff's failure to state a claim, may produce the documents referenced in the complaint to prevent the plaintiff from escaping the consequences of its own failure. *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992).

After applying the well-settled law referenced above and considering the documentary evidence submitted in support of this motion, the Complaint should be dismissed in its entirety

with prejudice for failure to state a claim.

## LEGAL ARGUMENT

## POINT I

## FERRANTI'S INABILITY TO ASSERT A "COLORABLE CLAIM OF INNOCENCE" PRECLUDES HIM FROM PURSUING A CLAIM AGAINST ATTORNEY ARSHACK

Ferranti is barred from asserting a legal malpractice action against Attorney Arshack because he cannot assert a colorable claim of innocence to the underlying criminal offenses, as his undisturbed and unchallenged guilty pleas to those offenses remain in full force and effect. In New York[3], it is well-settled law that an individual convicted of a criminal offense *mus*t assert his "innocence or a colorable claim of innocence" before pursuing a claim against his attorney for legal malpractice arising out of the criminal proceeding. *Britt v. Legal Aid Socy.*, 95 N.Y.2d 443, 446 (2000); *Carmel v. Lunney,* 70 N.Y.2d 169, 173 (1987). *See also Klein v. Talkin, Muccigrosso & Roberts, L.L.P.,*415 F. App'x 288, 289 (2d Cir. 2011)(malpractice claims related to the plaintiff's sentencing were clearly barred by *Carmel*); *Biegen v. Rooney*, 269 A.D.2d 264 (1st Dept. 2000) ("*Carmel* is clear that it is public policy that prevents the maintenance of a legal malpractice action arising from negligent representation in a criminal proceeding by a plaintiff who cannot assert his innocence[]"); *Dawson v. Schoenberg*, 129 A.D.3d 655, 656 (2d Dept. 2015)(affirming dismissal of the malpractice claim due to plaintiff's failure to demonstrate her convictions were "not due to some consequence of her guilt.") To state a claim, it is not sufficient for a legal malpractice plaintiff to merely allege that he is innocent of the underlying offenses. Rather, "criminal defendants must free themselves of the conviction, for the conviction precludes those

---

[3] Federal courts sitting in diversity apply state substantive law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). In actions against attorneys, New York choice of law rules favor the state in which the lawyer is licensed to practice, on the basis that "[a] state has a strong interest in regulating the conduct of a law firm licensed to practice within its borders, and a law firm consents to be so regulated when it locates its offices in a particular state." *LNC Invs., Inc. v. First Fid. Bank, N.A.*, 935 F. Supp. 2d 1333, 1350-51 (S.D.N.Y. 1996).

potential    plaintiffs    from    asserting    innocence    in    a    civil

suit." *Britt v. Legal Aid Society, supra* at 447.  "It is only when the criminal proceeding has been

terminated without a conviction that a plaintiff can assert innocence or at the very least a colorable

claim thereof." *Id.* at 448.[4]

New York courts applying the "colorable claim of innocence" doctrine uniformly hold that

a plaintiff's undisturbed guilty plea bars recovery for legal malpractice.  *Carmel, supra,* 70 N.Y.2d

at 173 ("Here, because plaintiff's conviction by plea of a misdemeanor violation...has not been

successfully challenged, he can neither assert, nor establish, his innocence. He has thus failed to

state a cause of action [for legal malpractice], and his claim was properly dismissed.")  *See also*

*Yong Wong Park v. Wolff & Samson, P.C.,* 56 A.D.3d 351, 352 (1st Dept. 2008)("Plaintiffs' claim

that defendants committed legal malpractice […] is barred by [plaintiff's] undisturbed guilty

plea").  It is irrelevant whether a plaintiff alleges that his guilty plea was caused by his attorney's

alleged negligence.  *See Casement, supra,* 28 A.D.3d at 509 (a plea of guilty bars recovery for

legal malpractice, "[r]egardless of the plaintiff's subjective reasons for pleading guilty"); *see also*

*Biegen, supra,* 269 A.D.2d at 265 ("[T]he causal effect, or lack thereof, of the alleged malpractice

on the plaintiff's conviction is irrelevant.").

Here, as in *Carmel*, *Britt*, and the above-cited cases, Ferranti's action against Attorney

Arshack is barred because his undisturbed guilty pleas to the underlying criminal offenses remain

in full force and effect.  *See* Exhibits D and E.  As the Court of Appeals has stated, "the undisturbed

determination of the client's guilt in [a]...criminal prosecution precludes him, as a matter of law,

---

[4] Thus, stated differently, "[a] plaintiff will not have a cause of action to recover damages for legal malpractice against his former criminal defense attorney unless he ultimately succeeds in having the underlying conviction vacated and the indictment dismissed." *Daly v. Peace*, 54 A.D.3d 801, 802 (2d Dept. 2008) (emphasis added); *Casement v. O'Neill*, 28 A.D.3d 508 (2d Dept. 2006) ("[B]ecause the determination of the plaintiff's guilt on the underlying criminal judgment remains undisturbed, no cause of action lies based on legal malpractice."); *Rosado v. Legal Aid Soc.*, 12 A.D.3d 356, 357 (2d Dept. 2004) (holding that plaintiff failed to state a cause of action for legal malpractice because he did not successfully challenge his criminal conviction and could neither assert nor establish his innocence).

from recovering for civil damages flowing from the allegedly negligent representation." *Carmel*, 70 N.Y.2d at 171.

Ferranti is also unable to assert a "colorable claim of innocence" because he is in fact guilty of the underlying offenses. To state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, a plaintiff must allege his innocence to the underlying offense. *Britt*, 95 N.Y.2d 443, 446 (2000); *Carmel*, 70 N.Y.2d 169, 173 (1987). Here, Ferranti does not allege that he is innocent. Indeed, he cannot. *See* Exhibit A. Rather, Ferranti specifically admitted during his plea allocutions that he had subjected two of his patients to inappropriate sexual contact without their consent, and that he was knowingly lying when he testified under oath that he never touched the patients inappropriately. *See* Exhibits D and E. Accordingly, Ferranti's inability to plead facts to create a "colorable claim of innocence" bars the instant malpractice claim.

In light of the foregoing, Plaintiff's action against Attorney Arshack must be dismissed in its entirety and with prejudice, as a matter of law.

## POINT II

### FERRANTI'S BREACH OF FIDUCIARY DUTY CAUSE OF ACTION IS DUPLICATIVE OF THE LEGAL MALPRACTICE CLAIM

It is well-settled that when, as here, a breach of fiduciary duty claim arises from the same facts as a legal malpractice claim and fails to allege separate and distinct damages, the breach of fiduciary claim should be deemed "duplicative" and dismissed for failure to state a cause of action. *See Knox v. Aronson, Mayefsky & Sloan, LLP*, 168 A.D.3d 70, 75 (1st Dept. 2018)(affirming dismissal of breach of fiduciary cause of action because the allegations and damages were duplicative of the legal malpractice claim); *Cosmetics Plus Group, Ltd. v. Traub*, 105 A.D.3d 134, 143 (1st Dept. 2013)(deficient breach of fiduciary duty cause of action arose out of the same facts as the malpractice claim and did not involve any separate and distinct damages); *Antonelli v.*

*Guastamacchia*, 131 A.D.3d 1078, 1079 (2d Dept. 2015) (dismissing allegations of breach of fiduciary duty as duplicative of claim alleging legal malpractice).  *See also Miazga v. Assaf*, 136 A.D.3d 1131, 1135 (3d Dept. 2016); *In re HSBC Bank U.S.A.*, 70 A.D.3d 1324, 1325 (4th Dept. 2010).

Here, Plaintiff's complaint does not make any effort to differentiate between its legal malpractice and breach of fiduciary duty claims or articulate any "separate and distinct" damages, rendering the breach of fiduciary claim subject to dismissal.  *See Knox*, 168 A.D.3d at 75; *Cosmetics Plus Group, Ltd.*, 105 A.D.3d at 143; *Antonelli*, 131 A.D.3d at 1079.

## POINT III

### FERRANTI CANNOT PLEAD OR PROVE THAT THE ALLEGED NEGLIGENCE PROXIMATELY CAUSED THE SURRENDER OF HIS MEDICAL LICENSE

In addition to the fact that this complaint is barred due to Ferranti's inability to assert a "colorable claim of innocence" to the underlying criminal offenses, Ferranti cannot establish the proximate causation element of his malpractice claim because the New York Office of Professional Medical Conduct (OPMC) would have required the loss of Ferrante's physician assistant license even if he had pled guilty in accord with the December 2017 plea offer as claimed.

A legal malpractice plaintiff must plead and prove that "but for" the attorney's negligence, the plaintiff would have been successful in the underlying action.  In *Sabalza v. Salgado*, 85 A.D.3d 436, 437 (1st Dept. 2011), the Appellate Division stated that:

> "A plaintiff's burden of proof in a legal malpractice action is a heavy one.  The plaintiff must prove first the hypothetical outcome of the underlying litigation and, then, the attorney's liability for malpractice in connection with that litigation." (internal citations omitted).

When, as here, the plaintiff is unable to establish that the attorney's alleged unreasonable conduct proximately caused his or her injury, the legal malpractice cause of action must fail,

regardless of the attorney's alleged negligence. *See Davis v. Cohen & Gresser, LLP*, 160 A.D.3d 484 (1st Dept. 2018); *Brown-Jodoin v. Pirrotti*, 138 A.D.3d 661 (2d Dept. 2016). Moreover, contentions underlying a claim for legal malpractice which are couched in terms of gross speculations on future [or past] events and point to the speculative nature of a claim are insufficient, as a matter of law, to establish proximate causation. *See Ferguson v. Hauser*, 156 A.D.3d 425 (1st Dept. 2017); *Financial Servs. Veh. Trust v. Saad*, 137 A.D.3d 849 (2d Dept. 2016).

Here, Ferranti claims that the alleged failure to accurately report the December 2017 plea offer proximately caused his loss of medical license and employment as a dermatology assistant. However, as explained below, even if Ferranti had pled guilty to two counts of Sexual Abuse in the Third Degree (in accord with the December 2017 offer), Ferranti would have been legally required to surrender his medical license, as per virtually identical case precedents applying New York Public Health and Education Law statutes.

N.Y. Pub. Health Law §230-11(a) requires medical licensees to report their crime convictions to the OPMC, as well as any information showing that a licensee committed "professional misconduct" as defined in N.Y. Education Law §6530. As applicable here, a licensee commits "professional conduct" by, *inter alia*: (1) being convicted of an act constituting a crime under New York state law; (2) engaging in conduct in the practice of medicine which evidences moral unfitness to practice medicine; and (3) harassing or abusing a patient. *See* N.Y. Educ. Law §§6530(9)(20)(31). A licensee who is convicted of a crime may voluntarily consent to discipline, or request a hearing that is limited to a determination of the nature and severity of the penalty to be imposed. *See* Pub. Health Law § 230(10)(p). The OPMC can revoke a physician's medical license and issue other commensurate discipline as is necessary to protect the public. *See* N.Y. Pub. Health Law §230-A.

Applying this statutory framework here, Ferranti cannot plead or prove "but-for" proximate causation because even if he had pleaded guilty to two counts of Sexual Abuse in the Third Degree (as contemplated by the December 2017 offer), the OPMC would have required the surrender of his physician assistant license.  This is overwhelmingly demonstrated by the following applicable case precedent:

- *In the Matter of Zahid Nazir, M.D.,* Co-11-10-5680-A, No. BPMC 12-231, 2012 WL 13195737 (Nov. 7, 2012)(Respondent directed to surrender his medical license after pleading guilty to Sexual Abuse in the Third Degree – the exact same offense to which Ferranti would have pled twice had he accepted the December 2017 offer.)

- *In the Matter of Ricardo Alberto Cruciani, M.D.,* No. BPMC 18-045, 2018 WL 1158027 (Mar. 1, 2018)(Respondent required to surrender his medical license after pleading guilty to Pennsylvania's equivalent of Forcible Touching, a "less serious" crime than the two counts to which Ferranti would have pled.)

- *In the Matter of Surendra Johri, M.D*., No. BPMC 19-064, 2019 WL 14361522 (Mar. 27, 2019)(Respondent directed to surrender his medical license after being found guilty of one count of Forcible Touching and two counts of Sexual Abuse in the Third Degree.)

- *In the Matter of Robert Hadden, M.D*., No. BPMC 16-062, 2016 WL 1076935 (Feb. 26, 2016)(Respondent directed to surrender his medical license after pleading guilty to one count of Criminal Sexual Act in the Third Degree and one count of Forcible Touching.)

- *In the Matter of Marc J. Bernstein, M.D*., No. BPMC 02-361, 2002 WL 33840759 (Dec. 3, 2002)(Respondent directed to surrender his medical license after pleading

guilty to one count of Sexual Abuse in the Third Degree – the exact same offense

to which Ferranti would have pled if he accepted the December 2017 plea offer.)

- *In the Matter of Ernest Lee Simms, M.D.* Co-11-02-0689-A, No. BPMC 12-47,

  2012 WL 1187590 (Mar. 23, 2012)(Respondent directed to surrender his medical

  license after touching the breast of a female patient in a sexual manner inconsistent

  with performing a valid medical exam.)

Accordingly, Ferranti cannot sufficiently plead a causal connection between the alleged

negligence and his claimed damages because the OPMC would have mandated the loss of

Ferranti's physician assistant license if he had pled guilty in accord with the December 2017 plea

offer. *See Davis*, 160 A.D.3d 484; *Brown-Jodoin,* 138 A.D.3d 661. At a minimum, Ferranti's

assertion that he would not have had to surrender his license had he accepted the prior offer

constitutes "gross speculations on future events" which cannot sustain the proximate causation

element of a legal malpractice claim as a matter of law. *See Ferguson*, 156 A.D.3d 425; *Financial*

*Servs. Veh. Trust*, 137 A.D.3d 849.

Lastly, Ferranti's allegations that he has suffered the loss of the ability to adopt and severe

emotional distress are likewise impermissibly speculative and also non-compensable.[5] It is wholly

implausible for Ferranti to assert that he could have adopted a child after pleading guilty to two

counts of Sexual Abuse in the Third Degree. Once again, this constitutes "gross speculations on

future events" which cannot sustain the proximate causation element of his claims as a matter of

law. *Ferguson*, 156 A.D.3d 425; *Financial Servs. Veh. Trust*, 137 A.D.3d 849.

---

[5]A plaintiff may not recover for emotional or other non-pecuniary damages for legal malpractice arising out of an
attorney's conduct in an underlying criminal action. *See Dombrowski v. Bulson*, 19 N.Y.3d 347 (2012).

## POINT IV

## SUCCESSOR COUNSEL HAD SUFFICIENT OPPORTUNITIES TO PROTECT FERRANTI'S RIGHTS BUT FAILED TO DO SO

A legal malpractice plaintiff cannot plead or prove proximate causation when, as here, a successor attorney has sufficient time and opportunity to protect the plaintiff's rights. *See Davis v. Cohen & Gresser,* LLP, 160 A.D.3d 484, 487 (1st Dept. 2018); *See Maksimiak v. Schwartzapfel Novick Truhosky Marcus, P.C.,* 82 A.D.2d 652 (1st Dept. 2011); *Katz v. Herzfeld & Rubin, P.C.,* 48 A.D.3d 640, 853 N.Y.S.2d 104 (2d Dept. 2008); *Somma v. Dansker & Aspromonte Associates,* 44 A.D.3d 376, (1st Dept. 2007) (holding that law firm was not liable for legal malpractice because law firm no longer represented client when client settled underlying action, and client's successor counsel had sufficient time and opportunity to adequately protect client's rights). Similarly, when a plaintiff fails to pursue a viable appeal, the plaintiff cannot establish that the defendants' negligence was the proximate cause of the plaintiff's damages. *See Grace v. Law,* 24 N.Y.3d 20 (2014); *see also Buczek v. Dell & Little, LLP,* 127 A.D.3d 1121 (2d Dept. 2015) (dismissing legal malpractice action where the plaintiff failed to pursue an adverse underlying decision).

Here, successor counsel, Paul Prestia, Esq., had ample opportunity to protect Ferranti's rights. Mr. Prestia could have moved to compel the re-instatement of the December 2017 plea offer, in accord with the Supreme Court case *Lafler v. Cooper,* 566 U.S. 156, 174 (2012) and its progeny.[6] If the motion had not been granted, successor counsel could have gone to trial and used the prosecution's failure to re-offer the plea as grounds for appeal, or they could have simply appealed Ferranti's guilty plea.[7] However, as Ferranti and his successor counsel neglected to do

---

[6] In *Lafler*, the Supreme Court held that the trial court judge should have ordered the prosecution to re-offer a previously rejected favorable plea bargain offer if the defendant would have accepted it if not for ineffective assistance of counsel.
[7] *See Strickland v. Washington,* 466 U.S. 668, 696 (1984).

any of the foregoing, Ferranti cannot establish that Attorney Arshack's conduct proximately caused him any damages.  Accordingly, the complaint must be dismissed.

## **CONCLUSION**

For the foregoing reasons and principles of law, Defendants' motion pursuant to F.R.C.P. 12(b)(6) should be granted dismissing the Complaint, with prejudice, together with such other, further and different relief as to the Court seems just and proper.

Dated: New York, New York
        June 12, 2020                              Respectfully submitted,

                                                   FURMAN KORNFELD & BRENNAN LLP

                                                   By: __/s/ Aaron M. Barham_____
                                                         Aaron M. Barham, Esq. (Bar # AB0330)
                                                         A. Michael Furman, Esq.
                                                   *Attorneys for Defendants*
                                                   *ARSHACK, HAJEK & LEHRMAN PLLC and*
                                                   *DANIEL ARSHACK, ESQ.*
                                                   61 Broadway, 26th Floor
                                                   New York, New York 10006
                                                   (212) 867-4100
                                                   FKB File No.: 313.273